IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PRIME INSURANCE COMPANY, | § | |
| | § | No. 22, 2024 |
| Interested Party Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N22C-04-086 |
| TORI LYNN CORDOVA, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: January 29, 2024
Decided: February 9, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the notice of appeal from an interlocutory order, the supplemental notice of appeal, their exhibits, and the Superior Court's December 18, 2023 bench ruling, it appears to the Court that:

(1)     On March 17, 2021, Joel Kiage was operating a tractor trailer owned by Emma Logistics, LLC (together with Kiage, the "Named Defendants") when he disregarded a red traffic signal and struck Tori Lynn Cordova's vehicle, injuring Cordova. On April 12, 2022, Cordova sued the Named Defendants in the Superior Court. On December 22, 2023, the Superior Court entered judgment by default

against the Named Defendants after they failed to respond to Cordova's discovery requests or otherwise participate in the litigation.

(2)     A different vehicle owned by Emma Logistics (*not* the vehicle driven by Kiage on March 17, 2021) is insured by a policy (the "Policy") issued by Prime Insurance Company ("Prime").    The Policy includes an MCS-90 endorsement, which provides that if the Policy does not cover a claim, Prime could, under specified circumstances, nevertheless be liable to third parties for their losses.    After the Superior Court entered default judgment against the Named Defendants, Prime, citing its potential pecuniary interest in the litigation, moved to intervene under Superior Court Civil Rule 24.    Following a hearing on December 18, 2023, the Superior Court denied Prime's motion because: (i) Prime was unwilling to confirm that the Policy's MCS-90 endorsement did, in fact, apply to the accident; and (ii) Prime's application was untimely under Rule 24 (the "Order").

(3)     On January 2, 2024, Prime asked the Superior Court to certify an interlocutory appeal of the Order under Supreme Court Rule 42.    Cordova opposed the application.    On January 22, 2024, the Superior Court denied the application because a timely filed application must be filed "within 10 days of the entry of the order from which the appeal is sought," and "[s]trict compliance with Rule 42 is required by the Supreme Court."[1]

---

[1] *Cordova v. Kiage*, 2024 WL 229904, at *1 (Del. Super. Jan. 22, 2024) (citations omitted).

(4)  We agree with the Superior Court's denial of the application for certification. The application, which was filed on January 2, 2024, was untimely because it was filed more than ten days after the Superior Court issued its December 18, 2023 order,[2] and counsel's claim that communication with his client was delayed because of "the end of the year festivities" did not establish good cause for the untimely filing. The Court also finds that Prime's application did not satisfy the substantive criteria for the certification of an interlocutory appeal under Rule 42.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice

---

[2] Supr. Ct. R. 42(c)(i) ("Such application shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown."); Supr. Ct. R. 42(a) ("All time periods under this rule should be calculated under Supreme Court Rule 11.").